**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

JAMES R. AYRE, )
    #459881, )
) CIVIL ACTION NO. 9:09-674-HMH-BM
        Petitioner, )
)
v. )
) **REPORT AND RECOMMENDATION**
)
STATE OF SOUTH CAROLINA, )
)
        Respondent. )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 13, 2009.[1]

        The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 29, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 30, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

        The Court's order was returned as undeliverable, following which a recommendation of dismissal for failure to prosecute was entered. On August 14, 2009, the Petitioner filed a notice of change of address and advised the Court that he had been released from the Michigan Department

---

[1]Since there is no filing date on the envelope, the undersigned has used the date of the Petition. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).



of Corrections ("MDOC"), and extradited to South Carolina. Petitioner then filed a memorandum in opposition to summary judgment on August 28, 2009. As a result of the foregoing, the Honorable Henry M. Herlong, Jr., United States District Judge, entered an order recommitting the matter to the undersigned.

This matter is now before the Court for disposition.[2]

**Procedural History**

At the time Petitioner filed this action, he was incarcerated in the MDOC pursuant to his convictions on three counts of possession of explicit sexual materials, for which he was sentenced to seven (7) years. At Petitioner's plea proceeding on the South Carolina charges at issue in this Petition, the State represented to the Court that Petitioner was on a trip to Michigan to stay with a relative when, pursuant to a traffic stop, officers realized that there was an inordinate amount of pornographic material in Petitioner's vehicle. After obtaining a search warrant, they located adult pornographic videos and a CD containing pictures of children, leading to his Michigan charges. (R.p. 42). Law enforcement authorities in Michigan then contacted law enforcement in South Carolina to determine who the children were in the photographs, and the children's mother, Petitioner's ex-wife, identified the children in several of the pictures as Petitioner's daughter and son. (R.pp. 42-43). At the time the pictures were taken, which also showed evidence of sexual assaults, the children would have been around three or four years old. (R.p. 43). Petitioner and their mother were separated at the time of the sexual assault and the taking of the photographs, and were visiting Petitioner pursuant

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



to court-ordered visitation. (R.pp. 43-44). The State also represented at the plea hearing that "[i]t is clearly contained in the pictures very graphic depiction of the persons, penetration, stimulation, as well as fellatio and cunnilingus." (R.p. 44).

Petitioner was then indicted in the December 2004 term of the Berkeley County Court of General Sessions for three (3) counts of criminal sexual conduct with a minor first degree, three (3) counts of criminal sexual conduct with a minor second degree, and six (6) counts of sexual exploitation of a minor second degree. (R.pp. 1, 3, 35).[3] On June 19, 2005, Petitioner was brought to South Carolina under an interstate compact agreement to face these charges. (R.p. 3). Petitioner was represented by Patricia A. Kennedy, Esquire, and on February 23, 2007, pled guilty under North Carolina v. Alford, 400 U.S. 25 (1970), to one count of criminal sexual conduct with a minor first degree [Indictment No. 04-GS-08-1936] and one count of sexual exploitation of a minor second degree [04-GS-08-1913]. (R.pp. 30-58). See (R.pp. 59-62). Pursuant to the plea agreement, the other charges against the Petitioner were apparently dismissed. (R.pp. 35, 37). Petitioner was sentenced to a negotiated sentence of ten (10) years on the criminal sexual conduct charge and five (5) years, consecutive, on the sexual exploitation charge. (R.pp. 33-34, 37, 56-57).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Lanelle C. Durant, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed an Anders[4] brief requesting to be relieved and raising the following issue:

> Did the trial court err by not informing [Petitioner] that criminal sexual conduct with a minor first degree is a most serious offense and a strike?

---

[3]Copies of all of the indictments are not contained in the record before the Court, but these are the charges Petitioner originally faced according to the transcripts provided.

[4]Anders v. California, 386 U.S. 738, 744 (1967).

3



See Petition, p. 3.

Petitioner then filed a *pro se* supplemental brief raising the following issues:

(1) Did the 120 day period in which the [Petitioner] was to be brought to trial expire absent any necessary and reasonable continuance being granted as prescribed by the Interstate Agreement on Detainers, Article IV (c)?

(2) Did the Grand Jury proceedings held in connection with this instant case violate the [Petitioner's] due process rights?

(3) Did not knowing the final outcome of appeals challenging pivotal and prejudicial exculpatory evidence render the [Petitioner's] plea invalid as being unknowing and involuntary?

(4) Did not knowing the final outcome of appeals challenging pivotal and prejudicial exculpatory evidence render the efforts of the defense counsel ineffective?

(5) Did failure of the defense counsel to meet with the [Petitioner] prior to the withdrawal deadline of a plea offer made render her ineffective to the prejudice of the [Petitioner]?

See pro se Petition, p. 3.

On August 15, 2008, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's request to be relieved. See State v. James Ayre, 2008-UP-489 (S.C.Ct.App. Aug. 15, 2008). The Remittitur was sent down on September 3, 2008. See Remittitur (dated Sept. 3, 2008). Petitioner submitted a pro se Petition for Rehearing, which was returned to the Petitioner by the Clerk because it had been filed out of time. See Letter dated Sept. 30, 2008, from the Clerk of Court for the South Carolina Court of Appeals.

Petitioner then attempted to appeal to the South Carolina Supreme Court. See *Pro Se* Petition for Writ of Certiorari, dated Oct. 22, 2008. The South Carolina Supreme Court dismissed the Petition for Writ of Certiorari on October 29, 2008, finding that a proper Petition for Rehearing had not been filed with the Court of Appeals, and that since the Remittitur had been issued the

4



appellate courts no longer had jurisdiction, citing Rules 221, SCACR, & 226(a) & (c), SCACR, and Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007). See Order (dated Oct. 29, 2008).

Petitioner next filed a federal habeas action, James Richard Ayre v. State of South Carolina, Case No. 9:08-cv-04032-HMH, which was dismissed as a mixed petition. See Order filed Jan. 23, 2009. Petitioner then filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Violation of Interstate Agreement on Detainers (IAD) violates Petitioner's due process, eliminates right to prosecute.

**Supporting Facts**: Petitioner was (is) serving a state sentence for a conviction in Michigan (MI) when he was extridited to South Carolina to face felony charges. This extridition was pursuant to the IAD and it's guidelines. The IAD requires prosecution to commence within 120 days of defendant's arrival in requesting state. In this case that did not happen. Petitioner filed timely motion to dismiss and was wrongfully denied. Also denied right to appeal.

**Ground Two:** Plea is deficient/invalid - various grounds: inadequate advisement, state forfeited right to prosecute, ineffective counsel.

**Supporting Facts**: Petitioner not informed of SC 2 (two) strike law and that a conviction on CSC 1st Degree was a strike; State had no right to prosecute by plea or trial after 120 IAD rule violation; defense counsel was unaware of pertinent facts & did not offer Petitioner any defense option to opt for over pleading; counsel inaction prejudiced Petitioner's sentencing by loss of 1st offer.

**Ground Three:** Defense Counsel Ineffective

**Supporting Facts:** Counsel failed to demonstrate to court the requirement that IAD specifies continuances to 120 rule be made in open court and makes no provision for complete waiver, resulting in failed pre-trial motion to dismiss: Counsel was unaware of legal standing of prejudicial evidence which was (& is) being challenged as illegally seized/inadmissible. [on-going challenge pending in MI courts where evidence was seized then forwarded to SC]. Counsel failed to meet with Petitioner in timely fashion to discuss or allow acceptance of the first offer prosecution made for a sentence of 10 years total vs. second offer of 15 years. Counsel failed to demonstrate or discuss any possible trial defense strategy for Petitioner to opt from over pleading. Only strategy petitioner saw was plead then appeal, strategy/theory of which was to receive reduced sentence in case appeal failed.

5



See Petition, p. 6-9.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that he was not tried within the time limits set forth under the IAD [the 120 day provision of Article IV(c) of the IAD] which resulted in a violation of his due process rights, while in a part of Ground Two, Petitioner contends that his guilty plea was involuntary because the State forfeited its right to prosecute him by not proceeding within the 120 days mandated by the IAD. With respect to this time requirement, Article IV(c) of the IAD provides, in pertinent part, as follows:

> In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

6



See 18 U.S.C.App. § 2, Art. IV(c) (1982).

The record reflects that, prior to entering his guilty plea, Petitioner filed a motion to dismiss in state court based on a violation of the 120 day provision of the IAD. Although Petitioner disputes the state court's factual findings[5], the state court denied the motion. (R.p. 63). Petitioner filed an appeal of this decision, which was dismissed as an interlocutory appeal. See South Carolina Supreme Court Order dated December 7, 2005. Thereafter, Petitioner entered his Alford plea.

Respondent argues, inter alia, that Petitioner's IAD claim should be dismissed because it fails to state a cognizable federal habeas claim. The undersigned agrees. See Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985), cert. denied, 474 U.S. 929 (1985)[IAD claims "do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice."]; Coffey v. North Carolina Department of Correction, No. 87-6561, 1988 WL 41059 at * 1 (4th Cir. Apr. 27, 1988); Threadgill v. McCabe, No. 05-228, 2008 WL 216307 at * 3 (D.N.C. 2008)(citing Bush v. Muncy, 659 F.2d 402, 405 (4th Cir. 1981), cert. denied, 455 U.S. 910 (1982)[finding that trial-before-return provision of the IAD was not cognizable under 2254 because it did not involve any fundamental right historically considered critical to the protection of the criminal accused against unfair prosecution and trial by the State]); Ray v. Warden FCI-Estill, No. 07-1705, 2008 WL 687491 at **4-5 (D.S.C. 2008); Rogers v. Attorney General of Virginia, No. 08-14, 2008 WL 4829622 at * 4 (E.D.Va. 2008)[no basis for federal habeas relief where Petitioner did not contend, much less demonstrate, that he suffered any explicit prejudice as the result of the

---

[5]Petitioner contends that the state court incorrectly found that his counsel had moved for a continuance. See (R.pp. 1-28). Petitioner argues that his counsel did not, in fact, move for a continuance. However, the judge who presided over a status conference held in this case ruled that a continuance had been requested, and that the 120 day period for commencing a prosecution had therefore been waived. (R.p. 63).

7



IAD violation he alleged].[6] In this case, Petitioner has not shown any prejudice as a result of this alleged violation, and although Petitioner argues that this Court should follow the courts which allow such a claim, this Court is bound by Fourth Circuit precedent. Edwards, Inc. v. Arlen Realty and Development Corp., 466 F.Supp. 505, 514 (D.S.C. 1978). See n. 6, supra.

Finally, with regard to Petitioner's claim that he is in a different posture because he pled guilty under Alford, the undersigned does not find that that distinction allows him to proceed with his claim.

> [A] violation of the federal analogue to state speedy trials laws, the Interstate Agreement on Detainers (IAD), 'without more, does not justify relief under § 2255.' Shigemura v. United States, 726 F.2d 380, 381 (8th Cir. 1984)(quoting Huff v. United States, 599 F.2d 860, 863 (8th Cir. 1979), cert. denied, 444 U.S. 952 (1979). A separate showing that the Sixth Amendment speedy trial requirement has been violated must be made before habeas relief will be granted.

Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994)[Case where the Petitioner pled guilty under Alford]. Accordingly, Petitioner does not have a claim for habeas relief based on his alleged violation of the IAD, and this claim should be dismissed.

## II.

In the first part of Ground Two of his Petition, Petitioner argues that his plea was invalid because the trial court did not advise him that his conviction on CSC with a minor, 1st Degree

---

[6] Respondent notes that there is a split among the circuits as to whether a violation of the IAD's time limits for prosecution is cognizable on federal habeas review. However, while the United States Supreme Court has expressly declined to address this issue, the Fourth Circuit has held that IAD violations are not cognizable in a federal habeas action. See Metheny v. Hamby, 488 U.S. 913, n. 1 (1988)(White, J., dissenting)[pointing out that the majority rule, holding that IAD violations, without more, do not state a claim for habeas relief, has been adopted by the Fourth and Sixth Circuits, as well as the First, Second, Eighth, Tenth, and Eleventh Circuits](internal citations omitted).

8



was a "strike", and of the potential effect that strike might have upon a future conviction.[7] Petitioner's counsel raised this issue in his <u>Anders</u> brief on direct appeal, and the South Carolina Court of Appeals granted counsel's petition to be relieved dismissing the appeal after reviewing the matter under <u>Anders</u>.

> For a guilty plea to be constitutionally valid, a defendant must be made aware of all the "direct," but not the "collateral," consequences of his plea. <u>Cuthrell v. Director, Patuxent Institution</u>, 475 F.2d 1364, 1365 (4th Cir. 1973); <u>see</u> also <u>Brady [v. United States]</u>, 397 U.S. [742], 755 [(1970)]. "Direct" consequences have "a definite, immediate, and largely automatic effect on the range of the defendant's punishment." <u>Cuthrell</u>, 475 F.2d at 1366. A consequence is "collateral" when it is uncertain or beyond the direct control of the court.

<u>Meyer v. Branker</u>, 506 F.3d 358, 367-368 (4th Cir. 2007).

Here, Petitioner is concerned about a potential future effect of a strike, which Respondent argues is not a direct consequence of his plea and does not therefore render his plea involuntary. <u>See</u> <u>Page v. State</u>, 615 S.E.2d 740, 742 (S.C. 2005)[discussing distinction between "direct" and "collateral" consequences of a plea]; <u>Brown v. State</u>, 412 S.E.2d 399, 400 (S.C. 1991)["The imposition of a sentence may have a number of collateral consequences, . . . and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is not informed of the collateral consequences."]. The undersigned agrees. <u>Id</u>. <u>See also</u> <u>Smith v. State</u>, 494 S.E.2d 626, 628 (S.C. 1997)[parole eligibility and classification of second degree burglary as a "violent crime" were collateral consequences of sentencing of which a defendant need not be specifically advised before entering a guilty plea]; <u>Frasier v. State</u>, 570 S.E.2d 172, 174 (2002)[noting that parole eligibility is a collateral consequence of a sentence].

---

[7]CSC with a minor, 1st Degree, is a most serious charge and therefore a strike under South Carolina's two strikes recidivist law. <u>See</u> S.C. Code Ann. § § 16-3-655(1) and 17-25-45. A second most serious charge conviction would subject Petitioner to a life without parole sentence.



The trial court advised Petitioner of the maximum possible penalty he was facing for the charge(s) to which he was pleading guilty. (R.pp. 33-35, 39). This was a direct consequence of his plea. The Court was not required to also warn Petitioner about the consequences Petitioner might incur if Petitioner were to hypothetically commit some other criminal act in the future. Respondent notes that other state courts considering this issue have determined that potential sentences for future convictions are collateral consequences of a plea; see State v. Hatch, 754 P.2d 324 (Ariz.App. 1988); People v. Crosby, 5 Cal.Rptr.2d 159 (Cal. 1992); Major v. State, 814 So.2d 424 (Fla. 2002); Jerry v. State, 816 So.2d 1247 (Fla.Ct.App. 2002); State v. Jackson, 734 So.2d 54 (La.App. 1999); State v. Berger, 590 N.W.2d 884 (N.D. 1999); People v. Kirton, 827 N.Y.S.2d 352 (N.Y.App.Div. 2007); State v. Pilette, 630 A.2d 1296 (Vt. 1993); and the South Carolina appellate court found no merit to this claim in Petitioner's direct appeal. State v. James Ayre, 2008-UP-489 (S.C.Ct.App. Aug. 15, 2008).

The United States Supreme Court has not stated whether a potential future harm from a strike is a direct or collateral consequence of a guilty plea, and "[u]nder the AEDPA's deferential standard of review, a federal court is prohibited from granting habeas relief unless the state court's decision contradicts, or is an unreasonable application of, 'clearly established Federal law as determined by the Supreme Court of the United States.'" Ferola v. Rushton, No. 07-2020, 2008 WL 2572609 at *2 (D.S.C. June 25, 2008). Since there is no contrary United States precedent on this issue, the undersigned cannot find that the South Carolina Court of Appeals' determination on this issue was contrary to, or an unreasonable application of, clearly established federal law. Id. (citing Bustos v. White, 521 F.3d 321, 325-326 (4th Cir. 2008)[holding that because there is no Supreme Court precedent establishing that parole ineligibility constitutes a direct, rather than a collateral

10



consequence of a guilty plea, there was no basis for determining that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law]; see also Virsnieks v. Smith, 521 F.3d 707, 716 (7th Cir. 2008)[stating that "there can be no Supreme Court precedent to be contradicted or unreasonably applied, and therefore no habeas relief, when there is no Supreme Court precedent on point or where the Court has reserved the question"].)

Accordingly, Petitioner has not shown that he is entitled to relief on this claim.

### III.

Petitioner's remaining claims in Ground Two, as well as his claim in Ground Three, are all based on alleged ineffective assistance of counsel. However, these issues were not pursued in a separate state Post-Conviction Relief ("PCR") proceeding.[8] Since the Petitioner did not pursue and exhaust these claims in a PCR action, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct.

---

[8]Although Petitioner referenced some of these issues in his *pro se* brief filed in his direct appeal, they were not direct appeal issues based on the facts in this case. State v. Felder, 351 S.E.2d 852, 852-853 (S.C. 1986)[Post-conviction relief is the proper avenue of relief for ineffective assistance of counsel claim]. Rather, Petitioner should have pursued these issues in a PCR proceeding. Lyles v. Warden, Lee Correctional Institution, No. 08-1884, 2009 WL 3007377 at *5 (D.S.C. Sept. 21, 2009)["[U]nder the facts of this case, [Petitioner] "could not raise [his ineffective assistance of counsel] issue on direct appeal and can only assert it through a state PCR action."]. When Petitioner's first federal habeas petition was dismissed on January 23, 2009, Petitioner could still have timely filed a state APCR to exhaust these issues. In fact, the Court's order dismissing the earlier habeas petition specifically advised Petitioner that he could exhaust his ineffective assistance of counsel claims by pursuing them in a state APCR. However, after that dismissal, Petitioner still did not file a PCR action. Further, Respondent even pointed out in its brief filed in this case in July 2009, that Petitioner had time remaining to file a PCR action to exhaust these claims. See Respondent's Memorandum in Support of Summary Judgment, p. 7 ["The Remittitur from the direct appeal was issued on September 3, 2008. Petitioner has one-year under South Carolina law to file a post-conviction relief action alleging claims of ineffective assistance of counsel."] However, Petitioner still chose not to pursue this claim in a state APCR. That time has now expired.

11



16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are otherwise fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.



No showing of cause and prejudice or actual innocence has been made in this case.

Petitioner concedes that he did not pursue these claims in a PCR action and does not argue cause for this procedural default. Instead, he argues that pursuant to the holdings in <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000)[dealing with a miscarriage of justice, discussed hereinbelow], and <u>Massaro v. United States</u>, 538 U.S.500 (2003), he did not have to pursue those claims in a PCR action in order to pursue them in this federal habeas petition. Plaintiff's argument is without merit. In <u>Massaro</u>, the Court held that the Petitioner, a federal inmate, was not barred from pursuing his ineffective assistance of counsel claims in a collateral proceeding, with the collateral proceeding for a federal inmate being a habeas petition. However, Petitioner is a state, not federal, inmate, and therefore his collateral proceeding would have been a PCR action in state court.[9] Despite having the opportunity to pursue these claims in an APCR, Petitioner chose not to do so. Accordingly, Petitioner has failed to show cause for a procedural default of these issues. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual

---

[9]The Court in <u>Massaro</u> did note that "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." <u>Massaro</u>, 538 U.S. at 508. Such was not the case here, however. Petitioner's counsel filed an <u>Anders</u> brief [addressing another issue] and the South Carolina Supreme Court dismissed the petition pursuant to an <u>Anders</u> review. Although Petitioner attempted to raise some ineffective assistance claims in his *pro se* brief, they were not so apparent from the record that the South Carolina Court of Appeals found a need to address them on the merits. <u>See</u> <u>State v. James Ayre</u>, 2008-UP-489 (S.C.Ct.App. Aug. 15, 2008). Accordingly, Petitioner's claims of ineffective assistance of counsel in this case could not have been properly pursued in his direct appeal, and they were therefore not exhausted simply because Petitioner may have referred to some of them in his <u>pro se</u> direct appeal brief. <u>Felder</u>, 351 S.E.2d at 852-853; <u>Lyles v. Warden, Lee Correctional Institution</u>, 2009 WL 3007377 at *5.



innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. See Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). Although Petitioner makes conclusory allegations as to a miscarriage of justice, to prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, Plaintiff's ineffective assistance of counsel claims are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

October 27, 2009  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

14



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

