IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James R. Ayre, #459881, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:09-674-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] James R. Ayre ("Ayre"), proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 13, 2009. In his Report and Recommendation, Magistrate Judge Marchant recommends granting the Respondent's motion for summary judgment. For the reasons set forth below, the court adopts the magistrate judge's Report.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Ayre pled guilty to first-degree criminal sexual conduct with a minor and sexual exploitation of a minor on February 23, 2007, in the Court of General Sessions for Berkeley County, South Carolina, and was later sentenced to ten years' imprisonment on the criminal

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

sexual conduct charge and five years' imprisonment on the sexual exploitation charge, to be served consecutively. Ayre then appealed to the South Carolina Court of Appeals alleging (1) the trial court erred in failing to inform Ayre that first-degree criminal sexual conduct with a minor constitutes a "strike;" (2) the trial court erred by not dismissing charges against him in light of the Interstate Agreement on Detainers ("IAD") violation; (3) his lack of appearance at the grand jury violated his due process rights; (4) his plea was not voluntarily and intelligently entered into; and (5) he received ineffective assistance of counsel. On August 15, 2008, the South Carolina Court of Appeals dismissed Ayre's appeal. Ayre filed an untimely petition for rehearing on September 25, 2008, which was returned unprocessed by the Court of Appeals. On October 29, 2008, the South Carolina Supreme Court denied Ayre's pro se petition for writ of certiorari because he failed to timely petition for rehearing with the Court of Appeals. Ayre filed a § 2254 petition on December 16, 2008.[2] The court dismissed this petition on January 23, 2009,[3] because it contained unexhausted claims. On March 13, 2009, Ayre filed the instant § 2254 petition alleging (1) an IAD violation, (2) invalid plea because he was not advised that first-degree criminal sexual conduct with a minor constituted a strike; and (3) ineffective assistance of counsel. (§ 2254 Pet., generally.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact

---

[2] See Houston v. Lack, 487 U.S. 266, 266 (1988).

[3] Id.

2

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

3

As "a determination of a factual issue made by a State court shall be presumed to be correct," Ayre has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Ayre's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Ayre filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Ayre's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely

4

restate his claims. However, the court has identified three specific objections. Ayre argues that (1) his IAD violation claim is cognizable in his § 2254 petition because he has shown prejudice; (2) the failure to inform Ayre that his conviction would count as a strike is cognizable in his § 2254 petition because it had "an immediate consequence" and was not "collateral" to his sentence; and (3) his ineffective assistance of counsel claims are not procedurally barred and even if procedurally barred, he has shown cause and prejudice to excuse his default. (Objections, generally.)

Ayre objects that his IAD claim is cognizable in this action because he "feels prejudice is demonstrated in that had relief been properly granted when the issue was timely filed and raised in state court, all charges and indictments would have been quashed without prosecution." (Objections 1.) The IAD provides, in pertinent part, that

> [i]n respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

See 18 U.S.C. App. § 2, Art. IV(c) (1982). IAD violations do "not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice." Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985). Prior to entering his plea, Ayre moved to dismiss based on an IAD violation, which was denied by the state court. Ayre appealed this decision, which was dismissed as an interlocutory appeal by the South Carolina Supreme Court on December 7, 2005. However, after his appeal was dismissed, Ayre entered an Alford plea. "[T]he entry of an Alford plea at a criminal proceeding has the same preclusive effect as a standard guilty plea." Zurcher v. Bilton,

5

666 S.E.2d 224, 227 (S.C. 2008). Ayre cannot show any prejudice because he pled guilty. A criminal defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "[A] defendant who pleads guilty . . . waives any claim he would have had under the IAD." United States v. Johnson, No. 96-4868, 1998 WL 387193, at *1 (4th Cir. June 24, 1998) (unpublished); United States v. Cox, No. 01-4986, 2002 WL 1832017, at *1 (4th Cir. Aug. 12, 2002) (unpublished) (concluding, where a federal criminal defendant claimed an IAD violation, that "[b]y pleading guilty, [the defendant] waived any claims with respect to antecedent non-jurisdictional defects"). Therefore, Ayre's IAD claim is not cognizable because he has failed to show prejudice. Based on the foregoing, this objection is without merit.

Ayre objects to the magistrate judge's recommendation to dismiss his claim that his guilty plea was invalid because he was not advised that his conviction for first-degree criminal sexual conduct with a minor constituted a "strike" for purposes of any future conviction. (Objections 3-4.)

> For a guilty plea to be constitutionally valid, a defendant must be made aware of all the "direct," but not the "collateral," consequences of his plea. "Direct" consequences have "a definite, immediate, and largely automatic effect on the range of the defendant's punishment." A consequence is "collateral" when it is uncertain or beyond the direct control of the court.

Meyer v. Branker, 506 F.3d 358, 367-368 (4th Cir. 2007) (internal citations omitted). As noted by the magistrate judge, Ayre was informed of the direct consequence of his plea as he was informed of the possible maximum penalty for the charges to which he pled guilty. (Resp't Mem. Supp. Summ. J. Exs. (R. at 33-35, 39).) The "strike" only affects Ayre if he commits

6

another criminal act in the future, which is an uncertain event. Therefore, the trial court was not required to inform Ayre that his conviction for first-degree criminal sexual conduct with a minor counted as a "strike." Further, there is no United States Supreme Court precedent addressing whether a potential future consequence is a direct consequence of a plea. Therefore, the state court's decision to deny relief on this claim was not a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d).

Lastly, Ayre objects to the magistrate judge's recommendation to dismiss his ineffective assistance of counsel claims as procedurally defaulted because he has exhausted these claims. Further, Ayre submits that even if these claims are procedurally defaulted, he has shown cause and prejudice for the default. In Ayre's previous habeas action, the court dismissed his petition because his ineffective assistance of counsel claims had not yet been exhausted and time remained for him to pursue post-conviction relief ("PCR"). Ayre never filed a PCR action and the time for filing a PCR action has expired.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Procedural default may be excused only if Ayre "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Therefore, Ayre's ineffective assistance of counsel claims are procedurally defaulted and therefore exhausted.

Ayre argues that he did not know that he was required to file a PCR action to exhaust his ineffective assistance of counsel claims. (Objections 6.) Further, Ayre argues that he can raise ineffective assistance of counsel claims at any time. In his objections, Ayre cites Massaro v. United States, 538 U.S. 500 (2003), in support of his position. However, Massaro is inapplicable to this action as it concerned federal prisoners and held that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under [28 U.S.C.] § 2255." 538 U.S. at 509.

Ayre has failed to show cause and prejudice to excuse his default. In this court's previous order dismissing his § 2254 petition because the ineffective assistance of counsel claims were not exhausted, the court noted that "Ayre has failed to exhaust viable state court remedies." (Jan. 23, 2009 Order 4.) Further, the court informed Ayre "that there is a one-year statute of limitations for filing a PCR application." (Id., citing S.C. Code. Ann. § 17-27-45.) Based on the foregoing, Ayre has presented no evidence to establish cause or prejudice. Therefore, this objection is without merit. After a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 20, is granted.

**IT IS SO ORDERED.**

           s/Henry M. Herlong, Jr.
           Senior United States District Judge

Greenville, South Carolina
November 19, 2009

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.